

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ROBERT LIVINGSTONE COLLINS,<br><br>Debtor. | Case No. 19-01106<br>Chapter 13 |
| GREAT NORTHERN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT LIVINGSTONE COLLINS,<br><br>Defendant. | Adv. Pro. No. 19-90032<br>Lead Adv. Pro.<br>Consolidated for Trial with Adv. Pro. No. 19-90033<br><br>Dkt. 1 |
| In re<br><br>VANDA COLLINS,<br><br>Debtor. | Case No. 19-01091<br>Chapter 13 |
| GREAT NORTHERN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>VANDA COLLINS,<br><br>Defendant. | Adv. Pro. No. 19-90033<br>Consolidated for Trial with Adv. Pro. No. 19-90032<br><br>Dkt. 1 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Great Northern Insurance Company ("GNIC") filed its adversary complaint on October 3, 2019, seeking a determination that its claims against defendants Robert Livingstone Collins and Vanda Collins are not dischargeable in bankruptcy.

On August 17, 2020, I granted partial summary judgment holding that the judgment of the New Jersey court (described below) had preclusive effect on the following elements of nondischargeability under 11 U.S.C. § 523(a)(2)(A): (1) Mr. and Mrs. Collins made misrepresentations to GNIC; (2) GNIC relied upon the misrepresentations, and (3) GNIC suffered damages as a proximate result of the Collinses' misrepresentations. Dkt. 45 in Adv. Pro. No. 19-90032; dkt. 43 in Adv. Pro. No. 19-90033.

The trial of the remaining elements of GNIC's § 523(a)(2)(A) claim was held on September 8, 2020. Mark P. Roney and Michael F. O'Connor represented GNIC, and defendants Robert Livingstone Collins and Vanda Collins appeared pro se.

Based on the evidence received, I make the following

## FINDINGS OF FACT

On October 29, 2012, Mr. and Mrs. Collins owned the residential property located at 2 Sherwood Road, Upper Saddle River, New Jersey (the "Sherwood Property").

On that date, Mr. and Mrs. Collins were the insureds under a policy of insurance issued by GNIC that covered the Sherwood Property (the "Policy"). The Policy provided coverage for certain "additional living expenses," or "ALE": "If a covered loss makes your house or other permanent structure uninhabitable, we cover the reasonable increase in your normal living expenses that is necessary to maintain your household's usual standard of living . . . ."

On October 29, 2012, Superstorm Sandy caused several large trees to fall on the house at the Sherwood Property, rendering the house uninhabitable. This was a covered loss under the Policy.

Mr. and Mrs. Collins made a claim under the Policy. After a GNIC representative reminded them of the ALE coverage, Mr. and Mrs. Collins included ALE in their claim.

On December 21, 2012, Mrs. Collins (acting on behalf of herself and Mr. Collins) sent to a GNIC representative information on rental residences in northern New Jersey and indicated that furnished rental homes comparable in size to the home on the Sherwood Property cost $20,000 per month. This amounted to a representation by Mr. and Mrs. Collins that their living expenses had increased, or would increase, by $20,000 per month due to the damage to the Sherwood Property.

A few days later, justifiably relying on the information provided by Mrs. Collins (on behalf of herself and her husband), GNIC sent $80,000 to Mr. and Mrs. Collins

U.S. Bankruptcy Court - Hawaii   #19-90033   Dkt # 46   Filed 10/06/20   Page 3 of 8

as an advance on the ALE benefit, subject to documentation of the Collinses' actual expenses.

Mr. and Mrs. Collins' living expenses did not increase by $20,000 (or by any identifiable amount) due to the insured loss to the Sherwood Property. Mr. and Mrs. Collins never rented a residence in northern New Jersey, and I find that they never intended to rent a residence in that area. Despite multiple opportunities, Mr. and Mrs. Collins have never provided any plausible version of events in which their living expenses increased after the Sherwood Property was damaged.

Based on the evidence, I find that Mr. and Mrs. Collins knew that their representation about their additional living expenses was false and that they had the intent to deceive GNIC into paying them ALE benefits to which they were not entitled. I also find that Mr. Collins knew, or should have known, that Mrs. Collins was going to provide information to GNIC about the cost of renting properties that the Collins family never intended to rent, for the purpose of inducing GNIC to advance ALE benefits to them.

At trial, GNIC argued that Mr. and Mrs. Collins made additional misrepresentations after GNIC made the ALE advance. But GNIC did not extend credit or advance any additional money to the Collinses after the $80,000 advance.

Mr. and Mrs. Collins sued GNIC in New Jersey state court, alleging that GNIC had breached the Policy. GNIC filed a counterclaim alleging that the Collinses

U.S. Bankruptcy Court - Hawaii   #19-90033   Dkt # 46   Filed 10/06/20   Page 4 of 8

had committed fraud. The court dismissed the complaint and entered summary judgment on the counterclaim, holding that the Collinses committed insurance fraud under a New Jersey statute. The judgment was for a total of $222,556.39, consisting of the $80,000 advance plus attorneys' fees and costs.

Based on these findings of fact, I draw the following

## CONCLUSIONS OF LAW

### I. Jurisdiction and Venue

The bankruptcy court has personal jurisdiction over the parties. Venue is proper in this district pursuant to 28 U.S.C. § 1408(1).

The bankruptcy court has subject matter jurisdiction over the underlying chapter 13 case pursuant to 28 U.S.C. § 1334(b). Determination of the dischargeability of this debt is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

The bankruptcy court has the authority to determine whether the debt to GNIC is dischargeable and to enter judgment on GNIC's claims. *Deitz v. Ford (In re Deitz)*, 760 F.3d 1038, 1050 (mem.) (9th Cir. 2014), *aff'g* 469 B.R. 11 (B.A.P. 9th Cir. 2012).

### II. Standard for Nondischargeability Under Section 523(a)(2)(A)

A chapter 13 discharge does not discharge an individual from any debt "for money, property, services, or . . . credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . . ." 11 U.S.C. § 523(a)(2)(A).

To succeed on a claim under § 523(a)(2)(A), GNIC must prove the following five elements by a preponderance of the evidence:

> (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of [the debtor's] statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*In re Deitz*, 760 F.3d at 1050 (citing *Omey v. Weinberg (In re Weinberg)*, 410 B.R. 19, 35 (B.A.P. 9th Cir. 2009), *aff'd,* 407 F. App'x 176 (9th Cir. 2010)); *see also Grogan v. Garner*, 498 U.S. 279, 291 (1991) ("[T]he standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard.").

GNIC has met its burden of demonstrating all five elements by a preponderance of the evidence.

### III. Attributing Mrs. Collins' Misrepresentations to Mr. Collins

In this case, it was Mrs. Collins who sent information on comparable rental properties in the New Jersey area to GNIC, inducing GNIC to believe that the Collinses' living expenses would increase. Mr. Collins does not dispute that her wrongful conduct can be attributed to him for purposes of nondischargeability. Above, I found that he knew, or should have known, of Mrs. Collins' conduct. *See Sachan v. Huh (In re Huh)*, 506 B.R. 257, 271-72 (B.A.P. 9th Cir. 2014). Therefore, Mrs. Collins's misrepresentations can be attributed to her husband for purposes of

6

§ 523(a)(2)(A).

## IV. Misrepresentations Made After ALE Advance

Though GNIC argued at trial that Mr. and Mrs. Collins made additional misrepresentations after GNIC advanced the ALE, any such misrepresentations are irrelevant.

"[F]or purposes of [§] 523(a)(2), . . . the timing of the fraud and the elements to prove fraud focus on the time when the lender . . . made the extension of credit to the Debtor." *New Falls Corp. v. Boyajian (In re Boyajian)*, 367 B.R. 138, 147 (B.A.P. 9th Cir. 2007) (citing *Bombardier Capital, Inc. v. Dobek (In re Dobek)*, 278 B.R. 496, 508 (Bankr. N.D. Ill. 2002)); *see also Ghadimi v. Ashai (In re Ashai)*, 211 F. Supp. 3d 1215, 1232 (C.D. Cal. 2016). "To be actionable under § 523(a)(2)(A), the prescribed conduct must have occurred *before* the debtor obtains the money." *Hopper v. Lewis (In re Lewis)*, 551 B.R. 41, 48 (Bankr. E.D. Cal. 2016). "Prescribed conduct that occurs *after* the debtor obtains money does not count and will not support a nondischargeability claim under § 523(a)(2)(A)." *Id.* (citing *Houng v. Tatung Co. (In re Houng)*, 499 B.R. 751, 766 n.49 (C.D. Cal. 2013), *aff'd*, 636 Fed. App'x. 396 (9th Cir. 2016)).

Section 523(a)(2)(A) excepts debt from discharge "to the extent obtained by" fraud or misrepresentation. The ALE advance could not have been obtained by any misrepresentations the Collinses made after GNIC had already advanced the funds.

U.S. Bankruptcy Court - Hawaii   #19-90033   Dkt # 46   Filed 10/06/20   Page 7 of 8

Therefore, these later misrepresentations must be disregarded.

## V. Amount Nondischargeable

"Once it is established that specific money or property has been obtained by fraud, . . . 'any debt' arising therefrom is excepted from discharge." *Cohen v. de la Cruz,* 523 U.S. 213, 218 (1998). This includes any attorneys' fees and costs to which the creditor would be entitled under state law. *See Fry v. Dinan (In re Dinan)*, 448 B.R. 775, 785 (B.A.P. 9th Cir. 2011). "Where the state court already awarded attorney's fees pursuant to state law, the foregoing Ninth Circuit precedent would allow those fees to be excepted from discharge as part of the total state court judgment." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 377 (B.A.P. 9th Cir. 1997), *aff'd,* 163 F.3d 609 (9th Cir. 1998). Here, as in *Younie*, the fees and costs awarded by the state court "flowed from Debtors' 'intentional misrepresentation.'" *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 377 (B.A.P. 9th Cir. 1997), *aff'd,* 163 F.3d 609 (9th Cir. 1998).

Therefore, the $137,642.39 in fees and costs awarded by the New Jersey court is nondischargeable in addition to the underlying award of $80,000. Counsel for GNIC is directed to submit a proposed final judgment.

END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW

8